UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TAMARA WAREKA p/k/a TAMARA WILLIAMS,

                              **Plaintiff,**                          **25-CV-5141 (JGK)(SN)**

               **-against-**                                         **ORDER**

FS MEDICAL LLC d/b/a STAY AGELESS
MED SPA, et al.,

                              **Defendants.**

-------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      The Court has reviewed Plaintiff's letter complaining of purported deficiencies in

Defendants' discovery responses and seeking an order to compel supplemental responses. See

ECF No. 37. Defendants have not responded to the letter, but the Court has reviewed

Defendants' discovery responses. While the format and grammar of Defendants' discovery

responses are not consistent with the standards typically presented by regular practitioners in the

Southern District of New York[1], only narrow relief is warranted.

      First, in their Initial Disclosures, Defendants stated, in part, "N/A we reserve the right to

supplement." Plaintiff seeks clarification as to why Defendants stated "N/A" while also

identifying (1) their answer to Plaintiff's complaint, and the documents and exhibits attached

thereto, and (2) any documents produced or provided by Plaintiff. No clarification is required. As

is made clear in Defendants' responses to the Requests for Production, Defendants do not

possess any documents that they intend to use to support their defense.

---

[1] Among other things, Defendants' counsel should refrain from name calling. See Resp. to Interrog. No. 3.

Second, Plaintiff objects that only one of the responding individuals signed Defendants' responses to the interrogatories. Plaintiff's request to compel a sworn statement from all witnesses who responded to the interrogatories is granted. Fed. R. Civ. P. 33(b)(5). The balance of Plaintiff's objections, however, are overruled. Although not well-written, the responses to Interrogatories 2, 3, and 6 suggest that Mahak Maholtra, an employee of Defendant FS Medical LLC, posted the image on Defendant's social media accounts after finding it on Pinterest, and that the image was removed upon notice. No further supplement is required. Interrogatory 6 asks about Defendants' social media policy, and Defendants respond that there is "no written policy." No further supplement is required. Moreover, because there is a "more practical method of obtaining the information sought," such as a deposition, the Court will not order Defendants to supplement or clarify their interrogatory responses. See Local Civil Rule 33.3.

Third, after asserting boilerplate objections, Defendants state that they have "no documents" in response to the Requests for Production ("RFP"), other than a letter from Plaintiff's counsel regarding the claim, which Plaintiff's counsel presumably has in its possession. There is no basis to compel production of documents Defendants do not possess.

Fourth, although Defendants' responses to Requests for Admission ("RFA") Nos. 1–8 are evasive, Plaintiff is more likely to obtain meaningful clarification through deposition testimony rather than through further RFAs. Nevertheless, the Court orders the parties to meet and confer regarding RFA Nos. 1–8. Defendants' responses to RFA Nos. 9–15, however, are improper. Defendants may not deny the requests on the basis that the "demand … is evidentiary in nature and will be addressed during normal discovery proceedings." RFAs are designed to narrow the issues for trial by requiring a party to admit or deny the truth of discrete factual matters, and a

2

party may not refuse to respond on the ground that the information sought relates to evidence or will be explored elsewhere in discovery.

## CONCLUSION

Plaintiff's letter motion is GRANTED in part and DENIED in part. Defendants shall supplement their responses to the Interrogatories by having all people who answer them sign the response. The parties shall meet and confer with respect to Plaintiff's RFAs, and Defendants shall file supplemental responses by March 6, 2026.

Finally, a mediation is scheduled for April 1, 2026. The parties are encouraged to focus their discovery efforts in the interim on information that would meaningfully aid settlement discussions. Fact discovery remains open through August 3, 2026, and if the case does not resolve at mediation, the parties may pursue additional discovery, including depositions, after April 1, 2026.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:      February 20, 2026
            New York, New York